# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-7119**

**September Term, 2024**

FILED ON: FEBRUARY 14, 2025

LARRY ELLIOTT KLAYMAN,
    APPELLANT

v.

JUDICIAL WATCH, INC., ET AL.,
    APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cv-00670)

---

Before: WALKER and PAN, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*

## J U D G M E N T

We considered this appeal on the record before the United States District Court for the District of Columbia and the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's orders be **AFFIRMED**.

\*  \*  \*

Nearly nineteen years ago, Larry Klayman brought a host of contract, tort, and statutory claims against his former employer, Judicial Watch. Judicial Watch filed a host of contract and Lanham Act counterclaims. Contentious discovery, motions practice, and trial ensued. In the end, Klayman lost on all claims and faced a nearly $3 million judgment. Judicial Watch then sought attorneys' fees for the entire litigation, including its counterclaims for trademark infringement.

The district court adopted the magistrate judge's report and recommendation and awarded Judicial Watch about $700,000 in attorneys' fees and costs — less than half the sum Judicial Watch had requested. On appeal, Klayman challenges this fee award with three independent arguments. None is persuasive.

*First*, Klayman asserts that he was entitled to discovery and an evidentiary hearing on Judicial Watch's motion for attorneys' fees and costs. He notes that a losing party faced with a motion for attorneys' fees is "entitled to the information it requires to appraise the reasonableness of the fee requested." *National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1329 (D.C. Cir. 1982). But Klayman *did* receive this information — six hundred pages of it. As Klayman himself acknowledges, Judicial Watch provided detailed billing records chronicling counsel's activities down to the tenth of the hour — more than enough detail for Klayman to determine "the nature and extent of the work done by" Judicial Watch's "counsel on various phases of the case." *Id.*; *see also id.* at 1327 ("the fee application need not present the exact number of minutes spent nor the precise activity to which each hour was devoted" (cleaned up)).

Klayman wants more. He claims that "discovery and a full evidentiary hearing" are "essential" to uncover what he calls "patently obvious fraud." Appellant Br. 10. But he offers no factual support for his allegations — only conclusory assertions that a handful of billing line items seem too high. So the district court was well within its discretion to deny his requests. *National Association of Concerned Veterans*, 675 F.2d at 1329-30.[*]

*Second*, Klayman argues that his case should be transferred to a judge outside our circuit because the district court judge was biased against him. For evidence of this supposed bias, he points only to adverse judicial rulings — which "alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C. Cir. 1995) (similar). We have rejected Klayman's unsupported allegations of district court bias before, and we do so again here. *See, e.g.*, *Klayman v. Porter*, No. 23-7144, 2024 WL 4763756, at *2-3 (D.C. Cir. Nov. 13, 2024); *Klayman v. Judicial Watch, Inc.*, 6 F.4th 1301, 1318-19 (D.C. Cir. 2021).

*Third* and finally, Klayman challenges the attorneys' fees specifically associated with Judicial Watch's Lanham Act counterclaims. He argues that his severance agreement with Judicial Watch — which formed the basis for his original breach-of-contract action — provides for attorneys' fees related only to *breach-of-contract* claims arising under that agreement. But that's not what the severance agreement says. It contemplates fee recovery when (1) there is a "*prevailing party* in *any legal proceeding*," (2) the proceeding was "*instituted* on account of a Party's breach," and (3) the covered "costs" were "incurred *in connection with such action*." App. 28 (emphases added). Nothing in this contractual language prevents Judicial Watch from recovering attorneys' fees in connection with its Lanham Act counterclaims: Judicial Watch was the "prevailing party" in this "legal proceeding," which Klayman brought "on account of" Judicial Watch's alleged "breach," and Judicial Watch's Lanham Act counterclaim costs were "incurred in connection with such action." Accordingly, Klayman's final argument fails.

For these reasons, we **AFFIRM** the district court.

---

[*] Klayman also suggests that the magistrate judge needed to "undertake [the] monumental task" of "comb[ing] through the record and the pleadings" to audit "each and every billing record." Appellant Br. 8, 10. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

\*       \*       \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/

Daniel J. Reidy
Deputy Clerk

3